PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES PARK, | ) | |
| | ) | CASE NO. 4:14cv1537 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JOE COAKLEY, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF No. 1] |

*Pro se* plaintiff James Park filed this *Bivens*[1] action against FCI Elkton Warden Joe Coakley, FCI Elkton "Successor Warden" R. Hanson, and Destinations and Sentence Computation Center Chief Administrator Jose A. Santana. In his complaint, Plaintiff alleges he was denied transfer to within a 500 mile radius of his home, and was denied access to the courts. He seeks monetary relief. For the reasons set forth below, the action is dismissed.

**I. Background**

Plaintiff was incarcerated at FCI Beaumont in Beaumont, Texas. ECF No. 1 at 5. He requested transfer to a facility closer to his home in Florida. *Id.* He claims Santana transferred him to FCI Elkton, which is farther from his home than Beaumont, Texas. *Id.* Plaintiff asserts Santana violated Bureau of Prisons ("BOP") rules and regulations and retaliated against him for filing grievances against BOP staff. *Id.* Specifically, he filed a grievance against BOP staff member Jones on April 3, 2013. *Id.* Plaintiff does not indicate the content of the grievance. He

---

[1] *See Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

(4:14cv1537)

alleges his Case Manager submitted a transfer order on July 19, 2013 indicating he interacts appropriately with staff and fellow inmates. ECF No. 1 at 5. On July 22, 2013, Santana designated Plaintiff to Elkton FSL Low. Id. By so doing, Plaintiff claims, Santana retaliated against him for filing the grievance. Id.

Plaintiff arrived at FCI Elkton on September 11, 2013. Id. at 3. He contends he desired to appeal a case to the Supreme Court of the United States, but his petition for a writ of certiorari was due on September 16, 2013. Id. He was placed in administrative segregation at FCI Elkton for twenty-one days upon arrival. Id. Plaintiff indicates that he spoke to Officer Garcia and informed him of the deadline. Id. at 4. He asked for his legal materials to be released from the property room. Id. at 3–4. Garcia reported the situation to Lieutenant Hoover. Id. at 4. Hoover promised to investigate the matter. Plaintiff claims he wrote a request to Warden Coakley on or around September 13, 14 or 15, 2013 asking for access to his legal materials.[2] Id. He claims Coakley did not respond in the time frame he requested. Id.

Plaintiff was released to general population on October 2, 2013. Id. Plaintiff filed his petition for a writ of certiorari on October 21, 2013. ECF No. 1-1 at 4. The Supreme Court accepted the filing, but noted its untimeliness. Id. The Court nevertheless distributed the petition for conference on November 26, 2013, and denied certiorari on December 2, 2013. *See*

---

[2] Warden Coakley's response to Plaintiff indicates he received the Inmate Request to Staff on September 19, 2013. That letter makes no mention of a request by Plaintiff to have access to the law library or his legal materials to file a petition for a writ of certiorari. Instead, the Warden indicates Plaintiff requested "to be immediately released from the Special Housing Unit (SHU) as you claim there are beds available at Federal Satellite Law (FSL) Elkton, and you are being housed in the SHU for punishment disguised as pending bed space." ECF No. 1-1 at 1.

(4:14cv1537)

*Park v. United States*, No. 13-6984.³ Plaintiff claims "Warden Coakley[']s illegal actions are unconstitutional in the violation of rules and regulations. Petitioner have [sic] suffered damage in his conviction and sentence." ECF No. 1 at 4. He contends he should not have been placed initially in administrative segregation and should have been permitted to have access to his legal materials and access to the law library. He contends Warden Coakley denied him access to the courts.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be granted, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual

---

³ The United States Supreme Court docket may be viewed at: http://www.supremecourt.gov.

(4:14cv1537)

allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id. (internal citations omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Supreme Court further explained the plausibility requirement by stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." Id. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

### III. Law and Analysis

#### A. Claims Against R. Hanson

As an initial matter, Plaintiff fails to allege any wrongdoing by FCI Elkton Successor Warden R. Hanson. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v.

4

(4:14cv1537)

*Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Plaintiff does not allege R. Hanson participated in the decision to place Plaintiff in administrative segregation, or reviewed his request for access to his legal materials. Absent any allegation of personal involvement, Plaintiff has not stated a claim against R. Hanson.

### B. Claims Against Joe Coakley

Plaintiff's only claim against Coakley is that he denied Plaintiff access to the courts by failing to respond to Plaintiff's Inmate Request to Staff within the time period Plaintiff requested. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability in a civil rights action. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999). Plaintiff's claim against Coakley based solely on the timeliness of his response to a written request is therefore legally deficient.

Furthermore, to state a claim for denial of access to the courts, Plaintiff must allege that particular actions of the defendants prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus petition, or civil rights action. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right of access to the courts is directly related to an underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiff must therefore "plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In order words, he must demonstrate "actual injury" by showing that his underlying claim was non-frivolous, and that it was frustrated or impeded by defendants. *Lewis*, 518 U.S. at 353. "It follows that the underlying cause of action, whether anticipated or lost, is an

(4:14cv1537)

element that must be described in the complaint. . . ." *Christopher*, 536 U.S. at 415.  Plaintiff's claim fails to establish any of these elements.

Plaintiff cannot show that he suffered an actual injury to a specific non-frivolous direct appeal, habeas corpus petition, or civil rights action.  The appeal in question was from the denial of Plaintiff's motion for a new trial under Federal Criminal Procedure Rule 33.  ECF No. 1-1 at 4.  Plaintiff's direct appeals and motion to vacate conviction under 28 U.S.C. § 2255 were not successful.  *See United States v. Park*, 517 F. App'x 770 (11th Cr. 2013).  He then filed a motion for a new trial pursuant to Rule 33 based on newly discovered evidence.  The district court determined the evidence was not newly discovered and denied the motion.  He appealed that decision.  The Eleventh Circuit affirmed, also finding the evidence was not newly discovered, and would not, if disclosed to the defense, have produced a different result in the verdict.  *Id.*  The petition for a writ of certiorari was a final attempted appeal of the denial of this motion.  It was not part of direct appeal or a habeas petition.

Moreover, the Supreme Court accepted the petition for filing.  Although it was ultimately denied, the Supreme Court denies most of the petitions for a writ of certiorari it receives.  Of the approximately 10,000 petitions for a writ of certiorari filed with the Supreme Court each year, the Court grants oral argument in only 75–80 cases.[4]  There is no indication that the petition was denied solely because it was untimely.

Finally, to hold Coakley liable for denying him access to the courts, Plaintiff must show that Coakley acted with the intention of impeding his filing.  Negligence does not suffice to state

---

[4] *See* http://www.supremecourt.gov (Frequently Asked Questions).

(4:14cv1537)

an access to the courts violation. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 127–30 (1992). Coakley's response indicates Plaintiff's Inmate Request to Staff was aimed at his immediate release from administrative segregation and placement in FSL Elkton. There is no mention of needing legal material to file a timely petition with the Supreme Court. Although this may have been one of Plaintiff's underlying concerns in his request for transfer, Plaintiff does not allege facts to suggest Coakley was aware of Plaintiff's filing time constraints. Plaintiff cannot hold Coakley liable for denial of access to the courts if Coakley was not personally aware that he was impeding Plaintiff from complying with the Supreme Court's time limitations.

### C. Claims Against Jose Santana

The Court is not the proper venue to hear claims against Santana. A civil action may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which the action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). Plaintiff indicates Santana resides in Texas. The actions which give rise to claims against him took place in Texas. The proper venue for this claim would be the Eastern District of Texas.

Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. For the reasons stated below, the Court finds that it would not be in the interest of justice to transfer this matter, and this claim is therefore dismissed.

(4:14cv1537)

Plaintiff claims that Santana retaliated against him for a grievance he filed at the institution against a corrections officer.  Retaliation, although not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill an individual's exercise of First Amendment rights.  *Perry v. Sindermann*, 408 U.S. 593, 597 (1972).  To state a *prima facie* case for retaliation prohibited by the First Amendment, Plaintiff must establish: 1) he engaged in protected conduct, 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and 3) that a causal connection exists between the first two elements.  *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).  Filing a grievance against prison officials is conduct protected by the First Amendment.  *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).  Filing frivolous grievances, however, is not protected conduct.  *Hill*, 630 F.3d at 472.  Plaintiff gives no indication of the content of the grievance, so there is no indication whether the grievance would constitute protected conduct.  Furthermore, there are no allegations in the complaint to plausibly suggest that his transfer to FSL Elkton was causally connected to the grievance he filed.  He simply states Santana is responsible for examining the files of prisoners requesting transfer.  Plaintiff concludes that because Santana read his file, he retaliated against him.  The claim is stated entirely as a legal conclusion with no facts to suggest he has a viable claim against this Defendant.

## IV.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  Plaintiff's claim against Jose Santana is dismissed without prejudice to any action he may be able to bring in the

8

(4:14cv1537)

Eastern District of Texas based on these facts. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

      IT IS SO ORDERED.

| | |
|---|---|
| January 30, 2015 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[5] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."